**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
ADEL SHOKR,                                            :
:
          Plaintiff,           :
:   Civil Action No. 08-4735 (JAG)
          v.                       :
:   **OPINION**
RINKANDFIELD.COM,                          :
:
          Defendant.          :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion for entry of default judgment against defendant, Rinkandfield.com ("Defendant" or "Rinkandfield"), filed by plaintiff, Adel Shokr ("Plaintiff" or "Shokr"), pursuant to FED. R. CIV. P. 55(b). For the reasons set forth below, this motion will be denied.

### I. FACTS

      Shokr is one of the inventors of United States Patent No. Des. 430,912 (the "'912 patent") entitled "Globe Soccer Ball," issued by the United States Patent and Trademark Office on September 12, 2000, and set to expire on September 12, 2014. (Compl. ¶ 3.) Shokr was granted a copyright registration ("Copyright") on January 3, 2005 by the United States Copyright Office for "Soft Sculpture of soccer ball with world/continent image imposed in red," describing the work as "two-dimensional image of world applied to 3-d soccer ball." (Id. at ¶ 4.)

Since approximately September 12, 2000, Shokr has engaged in commercial sales of globe soccer ball products, as claimed in the '912 patent, and products containing her work of authorship, as covered by her Copyright. (Id. at ¶ 5.)

On or about June 12, 2008, Shokr performed a World Wide Web search and obtained information from www.rinkandfield.com, depicting the globe soccer ball and offering it for sale through the website www.ebay.com. (Id. at ¶ 8.)

As a result, Shokr filed a complaint on September 22, 2008. A copy of this complaint, along with a summons, was served on Larry Maslin on October 24, 2008. To date, Defendant has not responded. Shokr now seeks entry of default judgment. Specifically, Shokr requests a permanent injunction against the sale and distribution of globe soccer balls by Defendant, and damages, including pre-judgment interest and attorney's fees, due to patent infringement, trade dress infringement, copyright infringement, and unfair competition practices by Defendant.

## II. STANDARD OF REVIEW

A district court can enter a default judgment, pursuant to FED. R. CIV. P. 55(b)(2), which states:

> In all other cases, the party must apply for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining that amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

**A.    Subject Matter Jurisdiction**

Since the case at hand addresses patent, trade dress, and copyright infringement, subject matter jurisdiction exists, pursuant to 15 U.S.C. §§1125 and 1331, and 28 U.S.C. §1338(a). Supplemental jurisdiction is also proper under 28 U.S.C. § 1367, with regard to Plaintiff's unfair competition claim.

**B.    Personal Jurisdiction**

When focusing upon an out-of-state defendant, the federal court must conduct a two-step analysis to ascertain whether personal jurisdiction exists.  First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over an out-of-state defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).  Second, the court must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the personal jurisdiction inquiry is collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, as defined under the Constitution of the United States.  Federal law defines the parameters of this Court's in personam jurisdiction. IMO, 155 F.3d at 259.  The Fourteenth

Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed itself of the forum state. Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that a defendant has purposefully availed itself of the forum state, a plaintiff may rely upon a defendant's specific contacts with the forum state. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Personal jurisdiction pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises out of the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984).

A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984). There must be at least "a single deliberate contact" with the forum state that relates to the cause of action. U.S. Golf Ass'n v. U.S. Amateur Golf

Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988).  The unilateral acts of the plaintiff, however, will not amount to minimum contacts.  Helicopteros Nacionales de Colombia, 466 U.S. at 417; Hanson, 357 U.S. at 253.  Assuming minimum contacts have been established, a court must inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King Co., 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also Pennzoil Prod. Co. v. Colelli & Assoc. Inc., 149 F.3d 197, 201 (3d Cir. 1998).

For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state.  World-Wide Volkswagen Corp., 444 U.S. at 292 (1980).  To determine reasonableness, a court considers the following factors: a) the burden on the defendant; b) the forum state's interest in adjudicating the dispute; c) the plaintiff's interest in obtaining convenient and effective relief; d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and e) the shared interest of the several States in furthering substantive social policies.  Id.  Only in "rare cases [do the] minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities."  Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987) (citing Burger King Co., 471 U.S. at 462).

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state.  Helicopteros Nacionales de Colombia, 466 U.S. at 416.  To establish general jurisdiction, the plaintiff "must show significantly more than mere minimum

6

contacts" with the forum state.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982) (citing Compagnie des Bauxites de Guinea v. Ins. Co. of North America, 651 F.2d 877, 890 (3d Cir. 1981) (Gibbons, J., dissenting)).

## IV.  ANALYSIS

In the instant case, Plaintiff has not demonstrated that this Court has personal jurisdiction over Rinkandfield.  Plaintiff has offered no evidence demonstrating that Rinkandfield has been properly served.  Even if service had been proper, Plaintiff has failed to allege any facts showing that Rinkandfield has minimum contacts with New Jersey.

"It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment."  Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir. 1992).  A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.  Id. at 701.  "Indeed, if a defendant is not properly made a party to the action by effective service, he would not be bound by any judgment rendered."  Id.  "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void."  Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).

FED. R. CIV. P. 4(h) governs the procedure for serving a corporation and requires service pursuant to the rule when a party is bringing an action against "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name."  FED. R. CIV. P. 4(h)(1).  Service of a summons and complaint on an entity in a judicial

7

district of the United States may be effected by serving the entity "in a manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and complaint to an officer . . . and by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1).

In this case, Plaintiff has offered no evidence that Rinkandfield was properly served. Although the record reflects that on October 23, 2008, documents were left with Larry Maslin's wife at his place of residence in Colorado, (Proof of Service, attached as Ex. A to Pls.' Notice of Motion to Enter Default J.), Plaintiff does not assert any connection between Mr. Maslin and Rinkandfield. Therefore, Plaintiff has not demonstrated that service upon Mr. Maslin in his individual capacity is tantamount to service upon Rinkandfield.com, the corporate entity.

Issues of proper service aside, Plaintiff has not shown that this Court has personal jurisdiction over Rinkandfield. Plaintiff has not alleged sufficient information to show that Rinkandfield has minimum contacts with New Jersey. Rinkandfield is an entity registered to a Pennsylvania address, though it conducts business on the World Wide Web at the website www.rinkandfield.com. (Compl. p. 2.) Shokr's claims arise from the website's depiction and offer for sale of her work of authorship through the website– www.ebay.com. (Id. at ¶ 8.) Plaintiff merely asserts in her complaint that personal jurisdiction is proper; however, this statement is not supported. (See id. at ¶ 1.)

Although Defendant's website is accessible from New Jersey computers, accessability of a website alone is not enough to establish minimum contacts. See Zippo Mfg. Co. v. Zippo Dot Com, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Rather, "the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the web site falls." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003). Thus, it is up to district

courts to determine whether a website is used to "actively transact business [with residents of the forum state]," Decker v. Circus Hotel, 49 F. Supp. 2d 743, 748 (D.N.J. 1999), or whether the website simply "makes information available to those who are interested in it." Zippo, 952 F. Supp. at 1124.

Rinkandfield.com falls into the former category. That is, it is a website maintained for the purpose of actively transacting business, namely, the sale of merchandise. However, even this does not end the jurisdictional analysis. According to the Third Circuit, "there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its website to the state, knowingly interacting with residents of the forum state via its website, or through sufficient other related contacts." Toys "R" Us, 318 F.3d at 454.

Nowhere in her submissions does Shokr provide proof that Rinkandfield either targeted or knowingly interacted with New Jersey residents. Thus, Shokr has not established any basis for this Court to conclude that specific jurisdiction exists over Defendant.

The same analysis applies to general jurisdiction. Since Shokr has not established that Defendant has any contacts with New Jersey, there is no basis for finding "continuous and systematic" contacts with the forum state on the part of Defendant. Helicopteros Nacionales de Colombia, 466 U.S. at 416.

## V. Conclusion

For the reasons set forth above, this Court finds that Plaintiff has failed to establish that this Court has personal jurisdiction over Rinkandfield. Therefore, this Court shall deny Plaintiff's motion for default judgment (Docket No. 29), without prejudice.

Date: February 22, 2010

                                         S/Joseph A. Greenaway, Jr.
                                         JOSEPH A. GREENAWAY, JR., U.S.D.J.